BURGESS CONSTRUCTION COMPANY, an Alaska Corporation, Plaintiff,

v.

WILLAMETTE–WESTERN CORPORA-TION, an Oregon Corporation, Defendant and Third-Party Plaintiff,

v.

ALASKA INTERSTATE COMPANY, an Alaska Corporation, Third-Party Defendant.

No. A 75–79 Civil.

United States District Court, D. Alaska.

Nov. 27, 1978.

Charles E. Cole, Fairbanks, Alaska, for plaintiff.

Barnes H. Ellis, Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for defendant and third-party plaintiff; Robert B. Baker,

Robertson, Monagle, Eastaugh & Bradley, Anchorage, Alaska, of counsel.

Catherine Chandler, Anchorage, Alaska, for third-party defendant.

Richard P. Kerns, Asst. Atty. Gen., Dept. of Law, Anchorage Branch, Transp. Section, Anchorage, Alaska, for petitioner.

### ORDER

VON DER HEYDT, Chief Judge.

The State of Alaska, a non-party to the above suit, filed a motion for order allowing inspection and copying of discovery material previously held under seal by stipulation. The motion was filed on November 2, 1978 and simultaneously mailed to plaintiff's attorney, Charles Cole. Mr. Cole now asks that this court rule that its entry of order on November 22, 1978, granting the state's motion, was entered prior to the expiration of the time required in the federal rules, and thus was premature in not allowing sufficient time for plaintiff's opposition. However, plaintiff's manipulation of the relevant dates is even more liberal than the notedly liberal policy of the Federal Rules of Civil Procedure. The motion for extension is denied.

Rule 6(b)(1), Fed.R.Civ.P., provides that enlargement of time may be granted for good cause shown if a request therefor is made "before expiration of the period originally prescribed." In this case, Local Rule 5(B)(2) provided fifteen days for service and filing of opposition papers. This fifteen-day period normally controls. However, here, service of the motion was perfected by *mailing* a copy to plaintiff's attorney; in situations where mailing is employed to accomplish the service requirement Rule 6(e) provides an additional three (3) days to the prescribed period for opposition. This three-day period controls regardless of whether the mailed service is actually delivered in less than the three-day period, or is delivered thereafter. As a result, a period of 18 days controlled and expiration thereof occurred on November 20, 1978. No opposition was filed as of that date, or as of November 22, the date the order was entered. Nor was a motion for enlargement filed within that period of time. Accordingly, plaintiff's motion, by way of telegram, sent November 24, 1978, is untimely.

Plaintiff's attorney argues that since the state's motion was not received in his office until November 7, 1978, a different result should be reached. The clear language of Rule 6(e) is that the three-day rule controls. On the 7th plaintiff was well aware that the delayed mail procedure had caused a two-day delay over the three-day presumption of Rule 6. Yet on the 7th of November, and on each of the subsequent 13 days remaining, plaintiff's attorney, Mr. Cole, failed to take any action whatsoever.

The court finally notes that even if Mr. Cole's November 7th date were to control (as the date the motion was received) fifteen days therefrom would have moved the expiration date to November 22, a result which would provide little relief to plaintiff's attorney in these facts.

Motion denied.